## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

**CIVIL ACTION NO. 3:08CV-594-JHM**

**DUWAYNE L. GANT**                                                    **PLAINTIFF**

**V.**

**HELEN W. MOUNTJOY, SECRETARY**
**KENTUCKY EDUCATION AND WORKFORCE**
**DEVELOPMENT CABINET, et al.**                          **DEFENDANTS**


### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' motion to dismiss Plaintiff's first amended complaint for violations of 29 U.S.C.A. § 722(b)(2)(B) and 34 C.F.R. § 361.50(b), 361.52 pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6).  For the reasons that follow, Defendants' motion is **GRANTED IN PART** and **DENIED IN PART**.

### I. BACKGROUND

This case concerns DuWayne Gant's access to out-of-state vocational rehabilitation services pursuant to Title I of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 722(a) ("Title I").  In 2006, Gant was forced to stop working as a full-time high school special education teacher after suffering a serious injury in a car accident that left him blind.  On July 10, 2007, he was certified as eligible by the Kentucky Office for the Blind ("OFB") to receive vocational rehabilitation.  He requested services through the

1

Louisiana Center for the Blind in Ruston, Louisiana.   However, his vocational rehabilitation counselor prepared an individual plan for employment that only included services from the McDowell Center in Louisville, Kentucky.

Plaintiff filed an administrative appeal of the counselor's decision with the OFB on August 27, 2007.   On September 2, 2008, the Hearing Officer in the administrative action, relying on Kentucky Administrative Regulation, Title 782 Chapter 1:030 § 7, granted OFB's Motion for Summary Judgment and dismissed Plaintiff's Complaint.   A Final Order affirming the Hearing Officer's Recommended Order was issued on October 14, 2008, by the Secretary of the Education and Workforce Development Cabinet, acting as a reviewing official under the Rehabilitation Act, 29 U.S.C. §§ 722(c)(5)(D) and (F).

On November 13, 2008, Plaintiff filed the instant action for review of the final order and injunctive relief pursuant to 29 U.S.C. § 722(c)(5)(J)(i).   On December 23, 2008, Plaintiff moved to amend his complaint, to withdraw the Office for the Blind as a Defendant, and to instead name Helen W. Mountjoy, Secretary of the Kentucky Education and Workforce Development Cabinet; Robert McWilliams, Commissioner for the Kentucky Department for Workforce Investment; Beth Cross, Director of the Kentucky Office for the Blind; and Beth Smith, Director for the Kentucky Office of Vocational Rehabilitation, in their official capacities, as Defendants.

2

## II. STANDARD OF REVIEW

Defendants have moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and Fed R. Civ. P. 12(b)(6).  Under Rule 12(b)(1), a motion to dismiss "can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." DLX, Inc. v. Kentucky, 381 F.3d 511, 516 (6th Cir. 2004).  Here, Defendants' assertion of Eleventh Amendment immunity falls into the latter category.

Under Rule 12(b)(6), the Court "must construe the complaint in the light most favorable to [the] plaintiff[ ], accept all well-pled factual allegations as true and determine whether [the] plaintiff[ ] undoubtedly can prove no set of facts consistent with [his] allegations that would entitle [him] to relief." League of United Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007).  This standard requires more than bare assertions of legal conclusions; a plaintiff must make "allegations respecting all the material elements to sustain recovery under some viable legal theory." Bredesen, 500 F.3d at 527.

## III. DISCUSSION

Plaintiff brought suit for review of a final order and injunctive relief pursuant to 29 U.S.C. § 722(c)(5)(J)(i).  Defendants argue that dismissal is proper under Fed R. Civ. P. 12(b)(1) because Plaintiff lacks standing; the former-Defendant Office for the Blind is the real party in interest and entitled to Eleventh Amendment immunity; and Beth Smith had

3

no part in the rehabilitation decisions at issue and is not a proper party to the action. Defendants also argue that the case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff fails to state a claim upon which relief can be granted. The Court considers these arguments in turn.

A.  Subject Matter Jurisdiction

1. Standing

Defendants argue that Plaintiff lacks standing because he has not shown any actual present harm or a significant possibility of future harm that would warrant the application of injunctive or declaratory relief.[1]  Plaintiff counters that he has "enumerated several services he needs that are only offered at the Louisiana Center," including the "distinct teaching philosophy and training methodology . . .[,] the Center's 24-hour-a-day living and learning immersion curriculum, [and] the emphasis on social adjustment to blindness." (Plaintiff's Response, p. 23).  Defendants, in turn, claim that these alleged differences between the Louisana facility and the Kentucky facility have not caused Plaintiff a cognizable injury because they are not "necessary" for his rehabilitation. The Court agrees with the Plaintiff.

To establish an injury for purposes of the standing requirement, a litigant must

---

[1] Defendants also argue in their motion to dismiss (but not their reply) that Plaintiff lacks standing because his claim does not fall within the zone of interests protected by 29 U.S.C. § 722; (2) his injury is not attributable to Defendants; and (3) the relief sought by Gant cannot redress his injury.  For reasons detailed in part III.B, *infra*, of this opinion, the Court finds these arguments without merit.

"demonstrate either a concrete harm or the threat of such harm." Morrison v. Bd. of Educ., 521 F.3d 602, 608 (6th Cir. 2008); see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (explaining the basic rule that plaintiffs establish standing by "tracing a concrete and particularized injury to the defendant – whether actual or imminent – and establishing that a favorable judgment would provide redress"). Here, Plaintiff has satisfied this minimal hurdle. He claims that he was and is injured by Defendants' decision to deny him access to rehabilitation services at the Louisiana Center in alleged violation of federal law. Defendants' suggestion to the contrary merely begs the question that their earlier decision was correct. Accordingly, the Court finds that Plaintiff has standing to bring his claim under 29 U.S.C. § 722(c)(5)(J).

2. Sovereign Immunity

Defendants next argue that the Kentucky OFB is the real party in interest and immune from suit under the Eleventh Amendment to the United States Constitution. The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend XI. Generally-speaking, this means that private citizens cannot sue states in federal court. Hans v. Louisiana, 134 U.S. 1, 10 S.Ct. 504 (1890). However, there are three exceptions: (1) where the state has waived immunity; (2) where Congress has abrogated sovereign immunity by statute; or (3) where a plaintiff sues a State official in federal court for prospective injunctive relief to prevent the enforcement

5

of a state statute that allegedly conflicts with federal law. Lawson v. Shelby Cty., 211 F.3d 331, 334-35 (6th Cir. 2000).

This case involves the last exception. To determine whether the so-called Ex parte Young, 209 U.S. 123 (1908) doctrine applies, courts make a "straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." Verizon Md. Inc. v. Pub. Serv. Comm'n, 535 U.S. 635, 645 (2002) (quoting Idaho v. Coeur d'Alene Tribe of Idaho, 521 U .S. 261, 296 (1997) (O'Connor, J., concurring); see also Creusere v. Weaver, 2009 WL 170667, *4 (6th Cir. 2009). If that inquiry is satisfied, the Eleventh Amendment will not bar the suit.[2] However, the focus of the inquiry must be on the allegations and "does not include an analysis of the merits of the claim." Dubuc v. Mich. Bd. of Law Exam'rs, 342 F.3d 610, 616 (6th Cir. 2003).

Here, Defendants argue that the Ex parte Young exception does not apply because (1) there is no ongoing violation of federal law, and (2) the state officers acted within their discretion in implementing the in-state preference. With respect to the former, they contend that the OFB's denial of Gant's request for vocational rehabilitation services at the Louisiana Center pursuant to the in-state preference regulation was a "one-time"

_____

[2] To be sure, the Ex parte Young exception will not apply where Congress has exhibited an intent to preclude such actions by providing a detailed remedial scheme in the federal statute. See Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996); 13 Wright, Miller, Cooper & Freer, Federal Practice and Procedure § 3524.3 (3d ed. 2008). However, the Southern District of Ohio recently rejected the notion that Section 102 of the Rehabilitation Act exhibited such Legislative intent in Jackie S. v. Connelly, 442 F.Supp.2d 503 (S.D. Ohio 2006). This Court agrees.

affair.   They conclude, in other words, that Plaintiff's claim is "quintessentially retrospective in nature" because it seeks to remedy a "decision that was made in the past." (Defendants' Brief, p. 5).  The Court disagrees.

The fact that Gant may have been harmed by the alleged violation of federal law in the past is irrelevant. <u>See</u> <u>Entergy, Ark., Inc. v. Nebraska</u>, 210 F.3d 887, 898 (8th Cir. 2000) ("While the relief granted under <u>Ex parte Young</u> may only be prospective, proof for the claim necessitating relief can be based on historical facts, and most often will be.").  What matters is that Plaintiff has clearly alleged that the violation is ongoing, i.e., the reason that he has been (and will continue to be) denied the services he seeks is because 782 KAR 1:030 § 7 either "effectively prohibits" all requests for out-of-state services including his own or denies him a "necessary" out-of-state service in violation of the Rehabilitation Act. (Defendants' Brief, p. 4-6); 29 U.S.C. § 722(b)(2)(E); <u>cf</u> <u>Dubac</u>, 342 F.3d at 616. (finding "ongoing violation" requirement satisfied where plaintiff was denied admission to the Michigan bar and brought suit for injunctive and declaratory relief alleging that the admission rules, facially and as applied, violated the United States Constitution).

Defendants' latter objection that an <u>Ex parte Young</u> action is improper because the state officers acted within their discretion in implementing the Rehabilitation Act is also unconvincing.  It is true that pursuant to <u>Ex parte Young</u> a court "cannot control the exercise of the discretion of an officer . . . . [and] can only direct affirmative action where the officer having some duty to perform not involving discretion, but merely ministerial

7

in its nature, refuses or neglects to take such action." Id.   However, that rule does not apply here.  The fact of the matter is that Kentucky has no discretion under the statute to deny a necessary out-of-state service or effectively prohibit out-of-state services.[3] Accordingly, the Court finds that the doctrine of Ex parte Young applies.[4]

3. Beth Smith

Defendants next argue that Beth Smith should be dismissed from the action because she had no part in the decision to deny Gant's request for services at the Louisiana Center for the Blind.  In the absence of any dispute by the Plaintff, the Court hereby dismisses Beth Smith from the case.

B. Failure to State a Claim

Defendants also contend that the action should be dismissed under Fed. R. Civ. P. 12(b)(6) because Plaintiff has failed to state a claim for which relief can be granted.

---

[3] Whether or not the Kentucky provision actually does either of these things, or whether the services requested by the Plaintiff are ultimately "necessary," are of course questions bearing on the merits of Plaintiff's claim, see part III.B.2., *infra*, and as such are irrelevant to the Ex parte Young analysis. Coeur d'Alene, 521 U.S. at 281.

[4] The Court notes that several federal courts, including the Sixth Circuit, have adjudicated civil actions under Section 102 of the Rehabilitation Act without discussing sovereign immunity, presumably because the state waived its immunity in those actions. See Diamond, 431 F.3d at 262; Reaves v. Missouri Dept. of Elementary and Secondary Educ., 422 F.3d 675 (8th Cir. 2005); Carrigan v. N.Y. State Educ. Dep't, 485 F.Supp.2d 131 (N.D.N.Y. 2007); see also Wasser v. N.Y. State Office of Vocational and Educ. Services for Individuals with Disabilities, 2008 WL 4070263, *10 (E.D.N.Y. 2008) (purposefully leaving the question of sovereign immunity unresolved and rejecting plaintiff's appeal on the merits).  The only court that appears to have applied Ex parte Young in this context is the Southern District of Ohio in Jackie S. v. Connelly, 442 F.Supp.2d 503 (S.D. Ohio 2006) and, as suggested earlier, it also found that the doctrine applied.

Specifically, they argue that Plaintiff cannot challenge the Kentucky regulations because there is no cause of action for such "systemic" relief either expressed or implied in Section 102 of the Rehabilitation Act.  They also contend that Plaintiff has not sufficiently alleged what "necessary services" he has been denied such that as a matter of law his appeal of the administrative decision must be dismissed.  The Court addresses these arguments below.

1. Systemic Relief

Plaintiff seeks, inter alia, a declaration that the Hearing Officer and Secretary's reliance on 782 KAR 1:030 § 7 to deny him services was improper because the provision creates an in-state preference that violates the Rehabilitation Act;[5] he also seeks an injunction prohibiting enforcement of the regulation.  Defendants contend that this aspect of Plaintiff's claim is not authorized by the statute because it entails "systemic" relief.  As they put it, "29 U.S.C. § 722(c)(5)(J) does not allow Plaintiff to bring a private cause of action for a claim that a state receiving funds pursuant to the Act passed laws that allegedly violated his statutory rights." (Defendants' Reply, p. 9).  In support of their argument, they rely primarily on Jackie S. v. Connelly , 442 F.Supp.2d 503 (S.D. Ohio

---

[5] In particular, the Act provides that states "may establish a preference for in-State services" so long as the state does not "effectively deny an individual a necessary service" or "effectively prohibit the provision of out-of-State services." 34 C.F.R. § 361.50(b)(1); 34 C.F.R. § 361.50(b)(2).  And Plaintiff argues that the Kentucky preference unlawfully does both because it allows rehabilitation services outside of the Commonwealth only if: (a) the service meets the consumer's rehabilitation need; (b) the service is more convenient for the consumer; (c) the service is cost saving; (d) the service is not provided in state; and (e) the provision of an in-state service would delay service to a consumer at extreme medical risk. 782 KAR 1:030 § 7.

2006) where the Southern District of Ohio found that there was no private cause of action under Section 102 where "[p]laintiffs [did] not seek to change the way the college training rule [was] applied to each individual; they want[ed] to eliminate the rule outright." Id. at 520-23. After considering the language of Gant's complaint, and the argument made in his response, the Court does not believe that such a situation is presented here.

As a general matter, "[a]ny party aggrieved by a final decision . . . may bring a civil action for review of such decision . . . . in any State court of competent jurisdiction or in a district court of the United States of competent jurisdiction without regard to the amount in controversy." 29 U.S.C. § 722(c)(5)(J)(i). Applying the standard of review used for Individuals with Disabilities Education Act claims, this means that plaintiffs may bring suit for (1) violations of their procedural rights under the Act (so long as they can show that the violation caused them substantive harm); and (2) failure to provide a rehabilitation plan that was reasonably calculated to provide them with appropriate benefits. Diamond v. Michigan, 431 F.3d 262, 265-67 (6th Cir. 2005) (citing Bd. of Educ. v. Rowley, 458 U.S. 176, 206-07 (1982); Knable v. Bexley City Sch. Dist., 238 F.3d 755, 764 (6th Cir. 2001)). Courts decide such appeals on a preponderance of the evidence and "grant such relief as they determine to be appropriate." 29 U.S.C. § 722(c)(5)(J)(iii).

Here, the language of Gant's complaint indicates that he is seeking a remedy for a failure to provide a rehabilitation plan reasonably calculated to provide him with appropriate and necessary benefits. The basis of his claim is that "it was improper for the

10

Hearing Officer . . . to *rely on* an unlawful in-state regulatory provision," and he seeks an injunction to prohibit Defendants from "*continuing to violate* federal law through their *improper implementation* of the regulation." (Amended Complaint, p. 10, ¶¶ (a),(e)) (emphasis added).  He contends that there is a cause of action for his claim because the Act requires Hearing Officers to make, and Reviewing Officials to uphold, decisions based on federal law and state regulations that are consistent with the federal requirements, i.e., Hearing Officers must make a decision "based on . . . this Act . . . and State regulations and policies that are consistent with the Federal requirements specified in this title" and Reviewing Officials "shall . . . (ii) not overturn . . . the decision of the hearing officer . . . unless . . . the decision . . . is clearly erroneous on the basis of being contrary to . . . this Act . . ." 29 U.S.C. § 722(c)(5)(A); 29 U.S.C. § 722(c)(5)(F)(ii).  In order to review the Plaintiff's claim, it will be necessary for the Court to decide if the Kentucky regulation concerning out-of-state services is consistent with federal law, and if not, whether its implementation in this case prevents the Plaintiff from being offered a rehabilitation plan reasonably calculated to provide him with appropriate benefits. The Court believes that this claim is within the scope of review contemplated in 29 U.S.C. § 722(c)(5)(J)(i).

   2. Necessary Services

   Defendants also argue that Plaintiff has failed to state a claim upon which relief can be granted because he has not shown that the Lousiana Center for the Blind provides any "necessary" services that are not offered in Kentucky.  Plaintiff contends that he has

11

shown (or at least sufficiently alleged) that "the McDowell Center does not offer the philosophy, methodology or range of training opportunities that would be available . . . at the Louisiana Center and falls short in its ability to offer [Plaintiff] the skills he will need to meet his goal [of returning to teaching]." (Complaint, p. 7). In reply, Defendants, as they do with their argument regarding standing, simply reiterate that such services are not "necessary." The Court finds Defendants' argument premature.

Put simply, the record is insufficient for the Court to say that the out-of-state services requested by the Plaintiff are not "necessary" services. The Rehabilitation Act provides that as a prerequisite to deciding a claim under Section 102 courts "shall receive the records relating to the hearing . . . and the records relating to the State review . . ." 29 U.S.C. § 722(c)(5)(J); see also Diamond v. Michigan, 431 F.3d 262 (6th Cir. 2005); Wasser v. New York State Office of Vocational and Educational Servs. for Individuals with Disabilities, No. 01-CV-6788, 2003 WL 22284576, at * 11 (E.D.N.Y. Sept. 30, 2003). That has not yet happened here. So far, the Court has only received a copy of the Secretary of the Education and Workforce Development Cabinet's Final Order. [DN 1]. It has not received the decision of the hearing officer; nor has it been given the prior record evidence, including the affidavit of Mr. Frye. The Court also notes that it is required to"hear additional evidence" at the request of either party and would permit time for such requests to be made. 29 U.S.C. § 722(c)(5)(J). Accordingly, Defendants' motion to dismiss is denied.

12

**IV. CONCLUSION**

For the foregoing reasons, Defendant's motion is **GRANTED IN PART** and **DENIED IN PART**.  It is **GRANTED** with respect to the dismissal of Beth Smith; it is **DENIED** as to all other claims.

cc: Counsel of Record

13